An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-400

NORTH CAROLINA COURT OF APPEALS

Filed:  21 October 2014

STATE OF NORTH CAROLINA

    v.                              Johnston County
                                    Nos. 12 CRS 3322, 54989
TIMOTHY ANQUAN SAUNDERS


Appeal by defendant from judgment entered 24 July 2013 by Judge Thomas H. Lock in Johnston County Superior Court.  Heard in the Court of Appeals 22 September 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Charlene Richardson, for the State.*
>
> *Kevin P. Bradley for defendant-appellant.*


McCULLOUGH, Judge.


Defendant Timothy Anquan Saunders appeals from the judgment entered after a jury found him guilty of possession of cocaine and having attained habitual felon status.  Defendant contends the trial court erred by overruling his objection to a police officer's testimony that the denominations of the currency defendant surrendered at the time he was searched were indicative of drug activity.  We find no prejudicial error.

On 14 August 2012, Smithfield Police Department Officer Robert Stewart was dispatched to help Selma Police Department Captain Richard Cooper search for a man named Joshua Martin at a motel. Selma Police were looking for Mr. Martin as part of a large, undercover drug operation, and Captain Cooper called for assistance because he thought defendant might also be present with Mr. Martin. When the officers knocked on what they believed was Mr. Martin's motel room door, defendant answered the door and consented to a search of the room.

On a nightstand in the room, Officer Stewart saw a substance that he believed to be marijuana and a small plastic baggy. Defendant told Officer Stewart that the marijuana was just a "blunt." Officer Stewart asked defendant if he "had anything else on him." In response, defendant reached into his left pocket and pulled out a large amount of currency. The currency totaled $900, consisting of three $100 bills, twenty-seven $20 bills, and six $10 bills. Over defendant's objection, Officer Stewart testified, "[d]ue to the denominations, I believe that it was from the illegal drug trade[.]"

In the smaller, "key pocket" on defendant's right side, Officer Stewart felt a bulge. Officer Stewart reached in the pocket and pulled out a plastic baggy that contained six smaller

baggies of a "white powdery rock type substance." The state crime lab later tested the substance and determined it was cocaine base. Officer Stewart placed defendant under arrest. When the officers searched the rest of the motel room, they discovered a box for a digital scale, which Officer Stewart believed was used in the drug trade. The officers allowed defendant to call his family to claim his personal property, and Officer Stewart heard defendant say "they caught me with some work, I had about six twenties." Based on his experience in drug interdiction, Officer Stewart believed that defendant used the word "work" to mean selling drugs.

The jury found defendant guilty of possession of cocaine and having attained habitual felon status, but not guilty of possession with intent to sell or deliver cocaine, possession of marijuana, and possession of drug paraphernalia. The trial court sentenced defendant to 30 to 48 months in prison. Defendant appeals.

In his sole argument on appeal, defendant contends the trial court erred by overruling his objection to Officer Stewart's testimony that the denominations of the currency he possessed caused the officer to believe the money was from the drug trade. We disagree.

Defendant contends that admission of Officer Stewart's testimony violated N.C. R. Evidence 404(b) and 701, which govern the admissibility of evidence of other bad acts and non-expert opinion testimony. "A trial court's ruling on an evidentiary point will be presumed to be correct unless the complaining party can demonstrate that the particular ruling was in fact incorrect. Even if the complaining party can show that the trial court erred in its ruling, relief ordinarily will not be granted absent a showing of prejudice." *State v. Herring*, 322 N.C. 733, 749, 370 S.E.2d 363, 373 (1988) (citations omitted). Our General Statutes provide:

> A defendant is prejudiced by errors relating to rights arising other than under the Constitution of the United States when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises. The burden of showing such prejudice under this subsection is upon the defendant.

N.C. Gen. Stat. § 15A-1443(a) (2013); *see State v. Streeter*, 191 N.C. App. 496, 502, 663 S.E.2d 879, 884 (2008) (defendant failed to establish prejudicial error in the admission of evidence).

In this case, even were we to assume that Officer Stewart's testimony about the currency was inadmissible on either ground asserted by defendant, he cannot demonstrate prejudice.

Defendant was acquitted of possession with intent to sell or deliver cocaine, a charge implicated by Officer Stewart's testimony that the denominations of the currency were indicative of the drug trade, but the evidence of simple possession of cocaine was overwhelming. Officer Stewart seized six baggies of a white, powdery, rock-type substance from defendant's own pocket, and laboratory testing confirmed that the substance was, in fact, cocaine base. Officer Stewart also saw marijuana in the room and defendant acknowledged that he had a "blunt." Officer Stewart heard defendant speaking on the phone using terms that indicated he was involved in drug activity, and the officers found a box for a digital scale in the motel room. In light of that evidence, we hold defendant received a trial free of prejudicial error.

No prejudicial error.

Judges CALABRIA and GEER concur.

Report per Rule 30(e).